Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adelita Gonzales, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Thunderbird Collection Specialists, Inc., <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1.  Plaintiff Adelita Gonzales ("Plaintiff") brings this putative class action against Defendant Thunderbird Collection Specialists, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

## JURISDICTION, VENUE, AND STANDING

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. Plaintiff has Article III standing to bring this action. This action seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms which Congress made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10. "[T]he FDCPA does not ask the subjective question of whether an individual plaintiff was actually misled by a communication. Rather, it asks the objective question of whether the hypothetical least sophisticated debtor would likely have been misled." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 775 (9th Cir. 2017).

11. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the

legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Coconino, and City of Flagstaff.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated May 13, 2019.

21. A true and correct copy of the May 13, 2019 letter is attached hereto as "Exhibit A."

22. Defendant's May 13, 2019 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

23. Plaintiff received Defendant's May 13, 2019 letter after May 13, 2019.

24. Section 1692g(a)(3) requires Defendant to provide, in its initial written communication with the consumer, "a statement that unless the consumer, within thirty days *after receipt of the notice*, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3) (emphasis added).

25. Section 1692g(a)(4) requires Defendant to provide "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, *or any portion thereof*, is disputed, the debt collector will *obtain* verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4) (emphases added.).

26. Section 1962(g)(a)(5) further requires Defendant to provide "a statement that, upon the consumer's written request within the thirty-day period, the debt collector

Class Action Complaint - 5

will provide the consumer with the name *and address* of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5) (emphasis added).

27. Defendant's May 13, 2019 letter states, "You now have the opportunity to pay this account in full or we will report the debt to one or more of the three national credit bureaus after the 30th day from the *date* of this letter." Exhibit A (emphasis added).

28. Defendant, therefore, threatened to take action against Plaintiff if she did not pay the Debt within the thirty-day dispute period, since that period only begins upon the consumer's *receipt* of the notice, while the May 13, 2019 letter states that Plaintiff must take action within thirty days of the *date* of the letter.

29. Defendant's March 13, 2019 letter further states, "If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt, we will provide verification by mail, if requested, we will provide you with the original creditor if different from the current creditor." *Id.*

30. Defendant, therefore, failed to inform Plaintiff that she had the right to submit a written dispute within the thirty-day period of *any portion* of the Debt.

31. The foregoing omission could cause the least sophisticated consumer to believe she only had the right to dispute the validity of the entire Debt.

32. Defendant further failed to inform Plaintiff that, upon receipt of her written dispute within the thirty-day period, Defendant would be required to *obtain* verification of the Debt and mail a copy of such verification to her.

33. The foregoing omission could cause the least sophisticated consumer to believe that Defendant would merely send verification already in its possession, thus making a written dispute of the Debt (or any portion thereof) futile.

34. Defendant's March 13, 2019 letter's statement that "we will provide verification by mail, if requested," implies that Plaintiff must request that Defendant mail a verification of the Debt in order to receive such verification by mail, when all she is required to do is dispute the validity of the Debt (or any portion thereof).

35. Defendant's March 13, 2019 letter is entirely unclear with respect to how Plaintiff may exercise her right to obtain information about the original creditor.

36. Furthermore, Defendant's March 13, 2019 letter does not explain that Defendant would provide Plaintiff with the name *and address* of the original creditor, if different from the current creditor.

37. Upon information and belief, Defendant did not send Plaintiff another letter that complies with the requirements of 15 U.S.C. § 1692g within five days after it sent the March 13, 2019 letter.

### CLASS ALLEGATIONS

38. Plaintiff repeats and re-alleges all factual allegations above.

39. Defendant's May 13, 2019 letter is based on a form or template used to send collection letters (the "Template").

40. Defendant has used the Template to send collection letters to over 40 individuals within the year prior to the filing of the original complaint in this matter.

Class Action Complaint - 7

41. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All individuals in the United States to whom Defendant, within the one year prior to the filing of the original complaint in this action, mailed a letter based on the Template and where such letter was Defendant's initial written communication with the individual.

42. The proposed class specifically excludes the United States of America, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

43. The class is averred to be so numerous that joinder of members is impracticable.

44. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

45. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

46. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct

particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

47. Plaintiff's claims are typical of those of the class she seeks to represent.

48. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

49. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

50. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

51. Plaintiff is willing and prepared to serve this Court and the proposed class.

52. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

53. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

55. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692g(a)(4)

56. Plaintiff repeats and re-alleges each factual allegation above.

57. Under § 1692g(a)(4) of the FDCPA, a debt collector's initial written communication must contain:

> [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(4).

58. Defendant's March 13, 2019 letter fails to comply with the requirements of 15 U.S.C. § 1692g(a)(4).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

# COUNT II
# VIOLATION OF 15 U.S.C. § 1692g(a)(5)

59. Plaintiff repeats and re-alleges each factual allegation above.

60. Under § 1692g(a)(5) of the FDCPA, a debt collector's initial written communication must contain:

> [A] statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5).

61. Defendant's March 13, 2019 letter fails to comply with the requirements of 15 U.S.C. § 1692g(a)(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(5) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of

$500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692g(b)

62. Plaintiff repeats and re-alleges each factual allegation above.

63. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

64. The disclosure of the consumer's rights under § 1692g(a) may "be overshadowed or contradicted by accompanying messages" within the notice itself. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013); *see also Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

65. "Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the payment, and that obscured the fact that the debtor had thirty days to dispute the debt." *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (quotations omitted).

66. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, by threatening to take action against Plaintiff if she did not pay the Debt within the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of

$500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

67. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 15, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff