Dennis A. Sever, Bar No. 011087
**LAW OFFICE OF DENNIS A. SEVER, PLLC**
2826 South Carriage Lane, Suite 100
Mesa, AZ 85202
Telephone: (480) 730-1855
Facsimile:  (480) 730-1856
E-mail: DA.Sever@SeverLaw.Net
Attorney for Defendant Thunderbird Collection Specialist, Inc.

# UNITED STATES DISTICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Adelita Gonzales, et al,<br><br>                             Plaintiff,<br><br>   vs.<br><br>Thunderbird Collection Specialists, Inc.,<br><br>                             Defendant. | NO.   CV-19-8302-PCT-SPL<br><br>**DEFENDANT TCS'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**(Oral Argument Requested)** |

Defendant Thunderbird Collection Specialists, Inc. ("TCS"), through counsel undersigned, hereby responds to Plaintiff Adelita Gonzales' ("Plaintiff") Motion for Attorney's Fees ("the Motion"). For the reasons set forth below, TCS requests that this Court reduce the attorney's fees sought by counsel for Plaintiff. The amount sought, $11,392.50, is excessive given the amount of work required prior to the acceptance of the Offer of Judgment filed by TCS. In addition, the hourly rates of counsel are excessive given the years of experience they have in the practice of law. Some of the legal services were unnecessary or

duplicative. Finally, many charges involve administrative work that should be included as part of counsel's overhead.

This response is supported by the following Memorandum of Points and Authorities.

**DATED** this 25th day of September, 2020.

**LAW OFFICE OF DENNIS A. SEVER, PLLC**

/s/Dennis A. Sever
Dennis A. Sever
Attorney for TCS

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Background.**

This litigation arises out of a Fair Debt Collection Practices Act ("FDCPA") claim against TCS. Plaintiff's complaint, filed on October 15, 2019, alleged that TCS's initial communication with Plaintiff violated the FDCPA. In addition, the complaint included class action allegations.

The parties engaged in minimal discovery, which included the exchange of the MIDP Initial Discovery Responses and Plaintiff's form non-uniform interrogatories and requests for admissions. Other than preparing the Scheduling Order and a brief telephonic meeting regarding the parties' good faith settlement consultation, the remainder of the activity consisted of emails and short phone calls.

TCS filed an Offer of Judgment on August 19, 2020 in the amount of $2,501. This included statutory damages of $1,000. In addition, as Plaintiff, in theory, might be entitled to additional compensation as the leading class member, an addition $1,501 was include. The

Offer of Judgment indicated that attorney's fees and costs would be determined by the Court. The Offer of Judgment was accepted on August 21, 2020. After unsuccessful discussions as to an appropriate amount of attorney's fees, Plaintiff filed the Motion on September 8, 2020.

**B. <u>Argument.</u>**

TCS acknowledges that this Court can award attorney's fees pursuant to 15 U.S.C. § 1692k(a). TCS also acknowledges that, as it was set forth in the Offer of Judgment, this Court can award reasonable fees. As the parties did not reach an agreement as to what constitutes "reasonable" attorney's fees, it is up to the Court to make this decision.

In determining an attorney's fee award, the barometer for the amount is "reasonableness". This standard applies to the methodology used to calculate fees under 42 U.S.C. §1988, and by extension cases for the award of fees under the FDCPA. What constitutes "reasonable" attorney's fees requires an analysis of numerous factors.

As set forth in LR RCiv 54.2(c)(3), these factors include:

> (3) Reasonableness of Requested Award. This section should discuss, as appropriate, the various factors bearing on the reasonableness of the requested attorneys' fee award, including, but not limited to, the following:
> (A) The time and labor required of counsel;
> (B) The novelty and difficulty of the questions presented;
> (C) The skill requisite to perform the legal service properly;
> (D) The preclusion of other employment by counsel because of the acceptance of the action;
> (E) The customary fee charged in matters of the type involved;
> (F) Whether the fee contracted between the attorney and the client is fixed or contingent;
> (G) Any time limitations imposed by the client or the circumstances;
> (H) The amount of money, or the value of the rights, involved, and the results obtained;
> (I) The experience, reputation and ability of counsel;
> (J) The "undesirability" of the case;

(K) The nature and length of the professional relationship between the attorney and the client;
(L) Awards in similar actions; and
(M) Any other matters deemed appropriate under the circumstances.

TCS will address each of these factors as they relate to this case, not as it relates to any prior cases handled by counsel for Plaintiff. TCS asserts that reasonableness issue must be addressed on a case by case basis.

<u>The time and labor required of counsel:</u> Attached here to as Exhibit 1 is the time sheet submitted by counsel is support of the fee application. The charges contested by TCS are highlighted as there are numerous charges that appear to be duplicative, unwarranted, or administerial in nature.

<u>The novelty and difficulty of the questions presented:</u> Plaintiff's counsel does not, and cannot, contend that this case presented any novel or difficult questions of law or fact. It is a straightforward FDCPA. The sole question was whether the communication in question complied with the FDCPA. Comparing the language contained in the letter and what the FDCPA requires is neither novel nor difficult.

<u>The skill requisite to perform the legal service properly</u>: For the same reasons as set forth above, no special skill set was required to determine if there was a violation of the FDCPA.

<u>The preclusion of other employment by counsel because of the acceptance of the action:</u> While Plaintiff's counsel may have been precluded from other employment, the amount of time spent on this case was not significant so any disruption of other employment would have been minimal.

The customary fee charged in matters of the type involved: As set forth in the fee agreement and affidavit attached to the Motion, counsel is seeking $400 per hour. This amount, however, was not being paid by Plaintiff. Rather, the $400 per hour fee was contingent upon some form of recovery. Thus, Plaintiff never had to incur any actual out of pocket expenses to pursue this matter.

As to the reasonableness of the $400 per hour being sought by lead counsel and $350 sought by associated counsel, TCS asserts that these hourly rates are higher than what most attorneys with similar experience charge. Undersigned counsel, with far more experience that Mr. Thompson, does not charge $400 per hour. Plaintiff cites United States Consumer Law Attorney Fee Survey Report in support of the claim that $400 per hour is reasonable.

TCS notes, however, that this survey is done of attorneys who generally represent, among others, plaintiffs in FDCPA cases. These attorneys are generally working on a contingency fee basis with the hope of shifting the fee to the collection agency. Thus, the attorneys have a significant incentive to inflate the hourly charge they will claim if they prevail in the case. While they could not charge the client this hourly rate, they rely on the survey to support a higher hourly that, under ordinary circumstances, would not be reasonable.

TCS believe that the survey done by Valeo provides a realistic view of what constitutes a "reasonable" hourly rate. The Valeo Attorney Hourly Rates Database sets forth the following average hourly rate for national and local firms:

- The average partner rate at large national firms in Phoenix is $606 an hour.
- The average rate for all positions at large national firms in Phoenix is $438 an hour.

- The average partner rate at Arizona or Mountain state-based firms is $350 an hour.
- The average rate for all positions at Arizona or Mountain state-based firms is $245 an hour.

In addition, other cases provide insight into what is a reasonable hourly rate in the Phoenix area. In *Bray v. Maxwell & Morgan, P.C.*, CV-17-00486 PHX-DGC, WL 5668269, D. Ariz. 2017, the attorneys handling a FDCPA case were seeking an award of attorney's fees. The amounts sought were $325 for one attorney with approximately 20 years of experience and $250 for the other attorney with approximately 8 years of experience. The court found that these hourly rates were reasonable for attorneys with comparable skill, experience and reputation in the community.

Here, the attorneys for Plaintiff all have roughly 10 years of experience in the practice of law. A reasonable hourly rate for Mr. Thompson, as the owner/lead attorney on this matter, should be set at $325. This is consistent with The Valeo Attorney Hourly Rates Database and the rate found to be reasonable in *Bray*. A reasonable hourly rate for Mr. McDevitt should be set at $250. Without taking into consideration work that was either duplicative, excessive, or unnecessary, Mr. Thompson's fees should be limited to $5,070 and Mr. McDevitt fees should be limited to $2,200.

<u>Whether the fee contracted between the attorney and the client is fixed or contingent:</u> As noted by counsel for Plaintiff, the fee is contingent.

<u>Any time limitations imposed by the client or the circumstances:</u> As noted by counsel for Plaintiff, there were no time limitations.

<u>The amount of money, or the value of the rights, involved, and the results obtained:</u> The Offer of Judgment was for $2,501.  While the result obtained was favorable to Plaintiff, the amount of fees incurred in obtaining this amount were not for the reasons as set forth above. The hourly rates sought are simply not realistic in light of what the average hourly charges are for lawyers working in local firms.

<u>The experience, reputation and ability of counsel:</u> TCS has no basis to disparage counsel for Plaintiff. The only issue is whether the hourly rates and the total amount being sought are reasonable. For the reasons previously noted, TCS asserts that $400 per hour and $350 per hour are not reasonable hourly rates for counsel with limited experience in the practice of law.

<u>The "undesirability" of the case:</u> TCS would disagree that FDCPA cases are somehow "undesirable" and therefore Plaintiff's counsel is performing a unique community service. Numerous firms exist which actively market themselves to debtors like Plaintiff, including Plaintiff counsel's firm. These cases are actively sought by numerous practicing attorneys given the potential to seek attorney's fees for minor or technical violations of the FDCPA.

<u>The nature and length of the professional relationship between the attorney and the client:</u>

The relationship appears to be minimal.

<u>Awards in similar actions:</u> As noted, this Court should address the fee application on the merits of this case and applying the factors as set forth in the local rules. To the extent the Court believes that other cases should be taken into account, *Bra*y is the case this Court should

apply. *Bray* used a realistic hourly rate in making it attorney's fee award. This Court should apply the same reasoning here.

<u>Any other matters deemed appropriate under the circumstances:</u>

When calculating a fee award a court should exclude hours that were not reasonably expended, such as time spent on tasks that are not normally billed to a client or hours expended by counsel on tasks that should be delegated to a non-professional assistant. *Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Spegon v. Catholic Bishop of Chicago, 175 F.3d at 553.* Administrative tasks include "organizing file folders, document preparation, copying of faxing documents, scheduling matters, and mailing letters. *Moore v. Midland Credit Management, Inc., 2012 WL 6217579, at 12 (N.D. Ind. 2012); See also Pace v. Pottawattomie Country Club, Inc., 2009 WL 4843403, at 13 (N.D. Ind. 2009)* (finding the following tasks are clerical and not allowable as part of a fee award: "sending pleadings to client; review of appearances, summons, waiver of service and other similar documents; payments to EEOC, drafting cover sheets; and filing documents with the court"). District courts are encouraged to "scrutinize fee petitions for duplicative billing when multiple lawyers seek fees. *Schlacher v. Law Offices of Phillip J. Ritche & Associates, P.C., 574 F.3d 852, 858 (7th Cir. 2009)*.

There are several time entries where the work was done by paralegal when it could have, and should have, been done by an assistant. These charges are highlighted in Exhibit 1 and total 2.3 hours. The amount sought for this work is $310.50. The paralegal fees should be reduced to $837.

     Duplicative or unnecessary work include 2.6 hours Mr. Thompson spent on drafting a motion for class certification. As the parties were in serious settlement negotiations and, would resolve the case a few days later, the time spent on this motion was unnecessary. Had settlement negotiations stalled, undersigned counsel would have agreed to extend any upcoming deadlines. At $325 per hour, the reduction is $845. Finally, four hours was spent on drafting/modifying the form FDCPA complaint filed in this case. The cost to do so including both counsel and the paralegal was $1,273. TCS asserts that 2 hours of attorney time at $575 is appropriate.

    C. **Conclusion.**

     TCS requests that this Court reduce the legal fees sought for Mr. Thompson to $3,900 and for Mr. McDevitt to $1,950.  Inclusive of paralegal charges, the total amount of reasonable legal fees awarded should be $6,750. TCS does not object to any of the costs being sought.

              **DATED** this 25th day of September, 2020.

                      **LAW OFFICE OF DENNIS A. SEVER, PLLC**

                      /s/Dennis A. Sever
                      Dennis A. Sever
                      Attorney for Defendant TCS

# CERTIFICATE OF SERVICE

     I hereby certify that on the 25th day of September, 2020, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and to the following party through his attorney:

Russell S. Thompson, IV
**THOMPSON CONSUMER LAW GROUP, P.C**.
D106-618
5235 East Southern Avenue
Mesa, Arizona  85206
Attorneys for Plaintiff

/s/DAS